FOURTH DEPARTMENT, JANUARY, 1988

(January 29, 1988)

■ CITY OF ROCHESTER, Appellant, v ASSESSOR OF THE TOWN OF CONESUS, Respondent.—Judgment unanimously reversed on the law and facts without costs, petition granted in accordance with memorandum and matter remitted to the respondent, for further proceedings in accordance with the following memorandum: The City of Rochester owns 1,078 acres of land bordering the west side of Hemlock Lake in the Town of Conesus. The city purchased the land pursuant to a 1945 ruling of the State Water Power and Control Commission, which granted the city the use of Hemlock Lake as part of its public water supply. The ruling required that the city purchase all land within at least 200 feet of the normal high-flow line of the lake; that all land thus acquired be used for water supply purposes only; that the city remove any buildings from the land; and that it refrain from constructing buildings on the land thus acquired.

The city petitioned for review of the town's real property tax assessments on the land for the tax years 1980-1984. After trial, the court found that the city had failed to overcome the presumption of validity of the assessments and dismissed its petition. We find that the trial court erred in its determination that the land should be valued according to its reasonable development potential as unimproved property surrounding a lake. As agreed by the parties and adopted by the court, "highest and best use" is the reasonable and probable use that supports the highest present value. The subject land is unimproved and must remain unimproved in order for the city to continue using it as a watershed. There is no evidence that the city intends to discontinue such use or to sell it. Consequently, the highest and best use of the property is as a watershed of a municipal water supply, and that is the basis upon which the property must be valued for tax assessment purposes (Real Property Tax Law § 302 [1]).

We therefore find that the trial court erred in deciding that the city failed to meet its burden of proving overvaluation. The city's comparable sales comport with the highest and best use of the property as a watershed. We therefore adopt the

city's comparables, exclusive of the Union Lake sale, which in our opinion is not comparable to the subject property.

The town is therefore directed to place assessments on the parcels at issue in accordance with the value proved by the city in its appraisal. (Appeal from judgment of Supreme Court, Monroe County, Boehm, J.—tax certiorari.) Present—Denman, J. P., Green, Pine, Balio and Lawton, JJ.